**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Industrial Park Center LLC, | No. CV-22-01196-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Great Northern Insurance Company, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Industrial Park Center LLC's ("Industrial Park") motion to strike Defendant Great Northern Insurance Company's ("GNIC") reply exhibits. The motion to strike is fully briefed.[1] (Docs. 122, 123.) For the forthcoming reasons, the Court denies Industrial Park's motion (Doc. 122) but gives leave for Industrial Park to file a sur-reply.

**I.**

On August 9, 2024, GNIC filed a motion for attorney's fees (Doc. 116), which included Exhibit B, an exhibit showing an itemized statement of time expended and fees incurred by GNIC—with many line-item descriptions redacted. (Doc. 116-2.) Industrial Park timely responded, arguing in part that GNIC cannot be awarded fees for work that has no description. (Doc. 120 at 6-8.) Specifically, Industrial Park claims that over $24,000 of the fees claimed by GNIC have "no description" or "the description is not sufficient for the

---

[1] Industrial Park's deadline to file a reply has passed, and as such, the motion is fully briefed. Furthermore, neither party requested oral argument on the motion to strike. After considering the briefs, the Court has determined that oral argument is not necessary for its decisional process.

Court to conclude the fees are reasonable." (*Id.* at 7.) GNIC then filed a reply and included revised redacted invoices in Exhibit A, explaining that it still kept privileged information redacted. (*Id.* at 8; Doc. 121-1.)

Shortly thereafter, Industrial Park filed a motion to strike asking the Court to strike GNIC's reply Exhibit A. (Doc. 122.)

**II.**

Industrial Park argues that new evidence may not be introduced within a reply because it prejudices the non-moving party. (Doc. 122 at 3.) GNIC argues that Exhibit A in the reply brief is not "new" evidence but the same Exhibit B that was previously proffered with revised redacted information. (Doc. 123 at 2.)

Local Rule of Civil Procedure 7.2(m) authorizes the Court to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." LRCiv. 7.2(m)(1). "The decision to grant or deny a motion to strike is within the [C]ourt's discretion." *Sunburst Minerals, LLC v. Emerald Copper Corp.*, 300 F. Supp. 3d 1056, 1059 (D. Ariz. 2018).

Here, in its reply GNIC responded to Industrial Park's arguments by attaching Exhibit A. Reply Exhibit A does not provide completely new evidence—it is the same as of the response Exhibit B—but also provides less descriptions redacted than before. (*Compare* Doc. 116-2, *with* Doc. 121-1.) Industrial Park, however, is correct that it is prejudiced because it did not receive a chance to respond and argue the reasonableness of the Exhibit A entries. *See* LRCiv 54.2(e) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated."). Rather than strike GNIC's reply exhibit, the Court will allow Industrial Park an opportunity to file a sur-reply. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1487, 1483 (9th Cir. 1996) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the non-movant an opportunity to respond." (cleaned up)).

….

**III.**

Accordingly,

**IT IS ORDERED denying** Industrial Park's motion to strike (Doc. 122).

**IT IS FURTHER ORDERED** that Industrial Park may file a sur-reply to GNIC's motion for attorneys' fees (Doc. 116) no later than seven (7) days from the date of this Order.

Dated this 18th day of October, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge