**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Industrial Park Center LLC, | No. CV-22-01196-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Great Northern Insurance Company, et al., | |
| Defendants. | |

Plaintiff Industrial Park Center, LLC ("Industrial Park") filed a breach of contract claim and a breach of the covenant of good faith and fair dealing claim against Defendant Great Northern Insurance Company ("GNIC"), its commercial property insurer. (Doc. 1-3.) The Court granted GNIC's motion for summary judgment on both claims, directing the Clerk of Court to enter judgment in GNIC's favor and close this case. (Doc. 110).

GNIC now seeks to recover its attorneys' fees under A.R.S. § 12-341.01(A) and nontaxable costs under Rule 54(d)(1), Fed. R. Civ. P. (Doc. 116 at 3.) GNIC requests a total of $237,160.00 for its attorneys' fees and $45,820.00 for its nontaxable costs. (*Id.* at 2.) The Court rules as follows.

**I.   Attorneys' Fees**

Arizona Revised Statutes § 12-341.01(A) allows for the prevailing party in an action arising out of a contract to recover its reasonable attorneys' fees from the losing party. Industrial Park argues that GNIC is not entitled to fees because Industrial Park's claims were meritorious, the claim at issue was novel, and the fee award would deter other

insureds from making meritorious claims. (Doc. 120 at 3-6.) Industrial Park also argues that GNIC's litigation strategy needlessly increased the costs of this litigation and that GNIC did not provide sufficient detail for the fees billed.[1] (*Id.* at 6-8.)

The Court has broad discretion in awarding attorneys' fees under § 12-341.01 and considers the following factors:

> (1) the merits of the unsuccessful party's claim, (2) whether the successful party's efforts were completely superfluous in achieving the ultimate result, (3) whether assessing fees against the unsuccessful party would cause extreme hardship, (4) whether the successful party prevailed with respect to all relief sought, (5) whether the legal question presented was novel or had been previously adjudicated, and (6) whether a fee award would discourage other parties with tenable claims from litigating.

*Nationwide Mut. Fire Ins. Co. v. Jones*, 695 F. Supp. 2d 978, 986 (D. Ariz. 2010) (citing *Assoc. Indemn. Corp v. Warner*, 143 Ariz. 567, 570 (1985)). The Court considers all factors in exercising its discretion, and no single factor should be determinative. *Id.* (citing *Wilcox v. Waldman*, 154 Ariz. 532, 538 (App. 1987)).

To determine the reasonableness of attorneys' fees, courts consider the following factors:

> (1) the qualities of the advocate: his ability, his training, education, experience, professional standing and skill;
> (2) the character of the work to be done: its difficulty, its intricacy, its importance, time and skill required, the responsibility imposed and the prominence and character of the parties where they affect the importance of the litigation;
> (3) the work actually performed by the lawyer: the skill, time and attention given to the work;
> (4) the result: whether the attorney was successful and what benefits were derived.

---

[1] Industrial Park also asks the Court to defer any ruling on attorneys' fees until after Industrial Park's appeal. (*Id.* at 9-10.) As the issue is fully briefed, the Court will resolve the motion now.

- 2 -

*Schweiger v. China Doll Rest. Inc.*, 138 Ariz. 183, 188 (App. 1983) (emphasis removed) (quoting *Schwartz v. Schwerin*, 85 Ariz. 242, 245-46 (1959)).

This action arises out of a contract. (Doc. 1-3 at 6-7, Doc. 110.) Industrial Park does not argue that paying attorneys' fees would cause cause undue hardship. Industrial Park also does not contest that GNIC successfully defended against Industrial Park's claims, making GNIC the prevailing party. (*See generally* Doc. 120; *see also* Doc. 1-3 at 6-7, Doc. 110.) The Court therefore reviews the following disputed factors: (1) the merits of Industrial Park's claim, (2) whether the successful party's efforts were superfluous, (3) whether the issue was novel, and (4) whether a fee award would discourage others from litigating tenable claims.

The merits and novelty of Industrial Park's claim weigh against awarding fees. Industrial Park's breach of contract claim was not frivolous—Industrial Park exhausted its administrative remedies and provided logical reasons and evidence for why the claim should not have been denied under the exclusions applied by GNIC. (*See generally* Docs. 1-3, 101, 103.) Instead, the Court found that it need not reach whether the exclusions applied because Industrial Park's loss was not fortuitous and was excluded under an all-risk insurance policy as a matter of law. (Doc. 110 at 5-8.) In addition, Industrial Park's legal question was novel in part—neither the Court nor the parties found analogous, published case law on the issue of fortuity within Arizona. As such, the Court relied on analogous case law outside Arizona for its ruling. (*Id.*)

Nonetheless, GNIC's efforts were not superfluous and were in response to the numerous filings by Industrial Park. Early in the lawsuit, Industrial Park filed discovery disputes and a motion for sanctions—many of which, including the sanctions motion, were resolved in GNIC's favor. (*See generally* Docs. 19, 21, 24, 26, 31, 37.) GNIC also responded to two motions for partial-summary judgment because Industrial Park filed its first motion before the close of discovery. (*See* Docs. 13, 22, 36, 101, 102.)

Finally, the Court finds that there is no indication that awarding fees to GNIC would have a chilling effect on future plaintiffs with legitimate claims against insurers, especially

now that the Court's ruling gives some additional guidance on the issue of fortuity. On balance, the factors weigh in favor of awarding GNIC attorneys' fees.

As for the reasonableness of the fees, Industrial Park does not contest the qualities of the counsel, the character of the work, or the result. (*See generally* Doc. 120.) Instead, Industrial Park challenges the total work performed. (*Id.* at 6-8.) Specifically, whether the total hours billed should be paid based on the lack of detail GNIC provided for its billing entries. (*Id.*)

The Court finds that GNIC did not provide sufficient descriptions for some time entries to support its requested award. "In order for the [C]ourt to make a determination that the hours claimed are justified, the fee application must be in sufficient detail to enable the [C]ourt to assess the reasonableness of the time incurred." *Schweiger*, 138 Ariz. at 188; *see also* LRCiv 54.2(e)(2) ("The party seeking an award of fees must adequately describe the services rendered so that the reasonableness of the charge can be evaluated.").

Industrial Park identified in Exhibit 1 of its sur-reply $35,010.00 from GNIC's exhibits that include vague descriptions and duplicative entries. (Doc. 126-1.) For example, on February 12, 2024, two separate entries exist for "analyze insured's arguments" with no other specificity as to the length of time reviewing such arguments nor detail about the origin of these arguments. (*Id.* at 6-7.) Entries from July 12, 2022, and July 13, 2022, include descriptions of "Begin review and assessment of claim file and notes for fire loss," but nothing in the record indicates that the insurance dispute arose from a fire loss. (*Id.* at 1; Doc. 110; Doc. 121-1 at 10.) Industrial Park also identified sixteen entries with no description that totaled $3,916.00 in fees. (*Id.* at 1, 5, 6.) The Court reviewed the entries identified by Industrial Park and agrees that the information provided is insufficient to warrant fees for these activities. *See* LRCiv 54.2(e)(2) ("If the time descriptions are incomplete, or if such descriptions fail to adequately describe the service rendered, the court may reduce the award accordingly.").

Accordingly, the Court will award GNIC $198,234.00 in attorneys' fees, which is GNIC's requested attorneys' fee award minus the $38,926.00 requested from the

insufficient time entries.

## II.     Nontaxable Costs

GNIC requests to recover nontaxable costs of $45,820.00 under Rule 54(d)(1), Fed. R. Civ. P., and A.R.S. § 12-341. (Doc. 116 at 2-3.) Specifically, GNIC seeks to recover copying fees ($1,117.31), expert fees ($40,400.38), travel expenses ($1,652.31), and mediation costs ($2,650). (Doc. 116-3 at 4.) Industrial Park argues that GNIC fails to provide any applicable legal authority for the recovery of nontaxable costs. (Doc. 120 at 2-3.)

Under Federal Rule of Civil Procedure 54(d)(1), costs other than attorneys' fees should be allowed to the prevailing party unless a federal statute, the rules, or a court order provides otherwise. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 375-76 (2013). This rule establishes a presumption in favor of awarding costs to the prevailing party, but it does not grant courts unrestricted discretion to award any costs they deem appropriate. *Id.* at 377.

Local Rule of Civil Procedure 54.2(c) governs the requirements for claiming nontaxable costs. "The memorandum of points and authorities in support of a motion for . . . non-taxable expenses shall include a discussion . . . [of] the applicable factors deemed relevant in determining whether attorneys' fees and related non-taxable expenses should be allowed, with citation(s) to the relevant legal authority." LRCiv 54.2(c).

GNIC cites A.R.S. § 12-341 as its legal authority for awarding nontaxable costs. (Doc. 116 at 3.) Section 12-341 states that "[t]he successful party to a civil action shall recover from his adversary all costs expended or incurred therein *unless otherwise provided by law*." A.R.S. § 12-341 (emphasis added). Yet, the successful party in a contract action may not recover its nontaxable costs as part of the statutory attorneys' fees award under A.R.S. § 12-341.01. *Ahwatukee Custom Estates Mgmt. Ass'n, Inc. v. Bach*, 193 Ariz. 401, 403-04 (1999); *see also arrivia Inc. v. Rowley*, No. CV-23-01039-PHX-DLR, 2024 WL 3010935 (D. Ariz. June 14, 2024) (denying request for nontaxable costs as prohibited under A.R.S. § 12-341.01); *Jarman v. Am. Fam. Ins. Co.*, No. CV-18-00526-PHX-SMB, 2021 WL 1947509 (D. Ariz. May 14, 2021) (same).

1        Accordingly, the Court will deny GNIC's request for nontaxable costs.

2        **IT IS THEREFORE ORDERED granting in part and denying in part** GNIC's motion for attorneys' fees (Doc. 116) as stated in this Order. GNIC is awarded $198,234.00 in attorneys' fees, only.

       Dated this 19th day of December, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge